**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Richardson, | No. CV-26-00220-TUC-LCK |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On May 4, 2026, a Complaint was filed by Plaintiff Gerald Richardson, who is incarcerated at the state prison in Tucson, Arizona. (Doc. 1.) Plaintiff named the Commissioner of the Social Security Administration as Defendant. When an inmate files a complaint seeking relief from a governmental officer, the Court is required to dismiss the case if the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that, in December 2025, he was approved to receive pension benefits from the Local 705 International Brotherhood of Teamsters Pension Plan (hereinafter "Pension Plan"). (Doc. 1 at 2.) However, before paying the benefits out, Plaintiff contends that the Pension Plan administrators require documentation from the Social Security Administration (hereinafter "SSA") verifying his work history. (*Id.*) In

September 2025, Plaintiff appointed a power of attorney to "handle all of his personal financial transactions…." (*Id.*) Plaintiff's power of attorney allegedly has contacted the SSA on numerous occasions attempting to obtain the required documentation but has been unsuccessful. (*Id.* at 3.) Plaintiff's Complaint seeks "an injunction to Order the Social Security Administration's staff, to issue Petitioner's work history documents to the union as soon as possible…." (*Id.*) Before initiating this action, Plaintiff sent a letter to the SSA on January 27, 2026, requesting assistance. (Doc. 4.) This letter also was submitted to the Court on May 8, 2026, styled as a Motion for Leave to Supply the Court with Additional Info. (*Id.*) On May 11, 2026, Plaintiff provided further information to the Court in his Motion for Leave to Produce More Info to the Court.[1] (Doc. 5.) On June 1, 2026, Plaintiff filed a Motion to Expedite Ruling for Injunction, seeking an accelerated decision on the request for injunction in his Complaint. (Doc. 7.) To the extent that they requested relief, each of Plaintiff's motions was denied in an order dated June 12, 2026. (Doc 11.)

## **DISCUSSION**

Plaintiff did not identify a legal basis for the Complaint. However, courts should liberally construe pro se pleadings in the interests of justice. *Erickson v. Pardue*, 551 U.S. 89, 94 (2007); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). This applies "with special force" to pleadings prepared by pro se inmates. *United States v. Qazi,* 975 F.3d 989, 993 (9th Cir. 2020). However, the Court will not serve as the litigant's advocate. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). The allegations of the Complaint appear to implicate Plaintiff's rights under the Privacy Act.

The Privacy Act of 1974 governs the collection, maintenance, and disclosure of private individual information maintained by government agencies in a system of records. 5 U.S.C. § 552a. A "system of records" is defined as a group of records from which

---

[1]    Plaintiff's Motions also contain allegations that Plaintiff was wrongfully convicted (Doc. 4 at 6, 8) and that the SSA inappropriately ceased paying his disability benefits while he was in custody pending trial in a state criminal case (Doc. 5 at 4-5). Because these allegations were not included in the complaint, the Court does not consider them. To the extent that these documents and allegations are relevant to the claim stated in the Complaint, they have been considered.

information is retrieved by name or another individual identifier. 5 U.S.C. § 552a(a)(5). As applied to the SSA, individuals are entitled to "direct access" to information about themselves if it is contained in a system of records. 20 C.F.R. § 401.35.

In implementing the Privacy Act, the SSA has promulgated their own regulations and forms regarding disclosure of documents. The SSA mandates that requests for documents must specify the system of records the requestor wishes to be searched, the records he would like access to, and the name and social security number associated with the records. 20 C.F.R. § 401.40(b) and (c). Earning records are requested by submission of Form SSA-7050-F4[2], which must be completed and signed by the person whose earning records are requested.[3] Payment of a fee also is required. After completing the form and paying the fee, requestors should allow the SSA 120 days to complete the request.

If a request for information from the SSA is denied, the denial may be appealed to the Executive Director.[4] 20 C.F.R. § 401.70(c). An appeal must be in writing and submitted within 30 days of the notice of denial. 20 C.F.R. § 401.70(a) and (c). If an agency fails to comply with a request for information under the Privacy Act, the individual may bring a civil suit against the agency in district court. 20 C.F.R. § 401.70(d); *see also* 5 U.S.C. § 552a(g)(1)(D). During such litigation, the district court may order the production of records and/or assess reasonable fees and litigation costs against the United States, should the requestor prevail. 5 U.S.C. § 552a(g)(3)(A) and (B).

Several courts, including the Ninth Circuit, have held that before proceeding with a Privacy Act lawsuit after a denial of records, a court may require an individual to exhaust the administrative remedies of the agency. *Buckley v. Shaul*, 135 F. App'x 960 (9th Cir. 2005); *see also Taylor v. Treasury*, 127 F.3d 470, 476-77 (5th Cir. 1997). Exhaustion

---

[2]    *See* https://www.ssa.gov/forms/ssa-7050.html.

[3]    This form allows for guardians of minor children and legally incompetent individuals to request records on behalf of a third party, but neither exception applies here. However, a person requesting their own records may have them sent to a third-party.

[4]    The Executive Director can be reached at: Office of the General Counsel, Office of Privacy and Disclosure, Social Security Administration, Attn: Executive Director, 6401 Security Boulevard, Baltimore, Maryland 21235.

serves to conserve judicial resources and allows the SSA an opportunity to correct a possible error.

In the Complaint, Plaintiff alleges that his power of attorney has contacted the SSA on his behalf numerous times seeking his earning records. However, Plaintiff has not alleged that he personally completed the proper form and paid the required fee, or that he has submitted an administrative appeal following a denial of access. Administrative agencies are not required to provide access to documents if the request is not made properly. *See Daly-Murphy v. Winston*, 820 F.2d 1470, 1477 (9th Cir. 1987). Given the SSA's clear requirement that Plaintiff make the request for documents personally, his Complaint must allege that he has done so and that, after a denial of records, he has exhausted administrative appeals. Because the Complaint does not allege that Plaintiff has properly exhausted a Privacy Act claim, it is subject to dismissal. However, because Plaintiff has paid the filing fee for this case, the Court will stay the case while Plaintiff proceeds with exhaustion. If Plaintiff completes exhaustion with the SSA and believes he can state a claim under the Privacy Act or on another legal ground, he may file a motion to amend his Complaint.

Accordingly,

**IT IS ORDERED** that this case is stayed while Plaintiff pursues administrative exhaustion. On or before **January 11, 2027**, Plaintiff shall 1) request an extension of the stay, which shall include a description of the status of his efforts to exhaust, 2) move to amend his Complaint, if exhaustion has proved unfruitful and he believes he has a viable legal claim, or 3) request to dismiss this matter under Fed. R. Civ. P. 41. If no action is taken by that deadline, this case may be dismissed without further notice.

Dated this 22nd day of July, 2026.

Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 4 -